**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


| | |
|---|---|
| **ANNAMARIE DELBANE,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v** | )   **2:11-cv-1093** |
| | ) |
| **ROCHESTER MANOR, KOPSACK** | ) |
| **ASSOCIATES, INC., JOANNE OMER** and **SUE** | ) |
| **MARSHONDA** | ) |
| **Defendants.** | ) |
| | ) |

## <u>MEMORANDUM OPINION AND ORDER OF COURT</u>

Pending before the Court is DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 4(m) (Document No. 6), with brief in support.  Plaintiff has filed a response in opposition and the motion is ripe for disposition.

Defendants seek dismissal of the Complaint on the ground that it was not served within the 120-day period established by Fed. R. Civ. P. 4(m).  The docket reflects that the Complaint was electronically filed on August 24, 2011.  Summons were issued for each of the four named Defendants the same day.  Service was not made.  There was no activity on the docket until February 10, 2012, when counsel for Plaintiff filed a praecipe to reissue summons.  The summons were reissued and the Complaint was eventually served on Defendants on April 4, 2012.  This motion followed.

In *Mathies v. Silver*, 450 Fed. Appx. 219, 221 (3d Cir. 2011) (unpublished), the Court of Appeals for the Third Circuit recently summarized the legal principles involving untimely service of a Complaint:

> A plaintiff to a civil action in federal court must complete service of his complaint within 120 days of filing or within a period prescribed by the District Court. *See* Fed. R. Civ. P. 4(m). If the plaintiff fails to complete service within the specified time, Rule 4(m) requires the District Court to determine whether the plaintiff has

1

shown good cause for the failure. *See Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir.1997). If so, the District Court must grant an extension to effect service; if not, the District Court may either dismiss the complaint or grant a discretionary extension. *See id*.

The first step of the analysis is "good cause."  As explained in *Mathies,* the Court has "equated good cause with the concept of excusable neglect ..., which requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Id*. (citation omitted).  If "good cause" is shown, the Court must extend the time for service.  The second step of the analysis is an exercise of the Court's discretion.  Even if "good cause" is not shown, the Court may exercise its discretion to permit a case to proceed.  On the other hand, the Court has discretion to dismiss the case even if refiling is barred by the statute of limitations.  *MCI Telecommunications Corp. v. Teleconcepts, Inc*., 71 F.3d 1086, 1098 (3d Cir. 1995).  The factors a court should consider in exercising its discretion include: (1) the reasonableness of the plaintiff's efforts to make service; (2) prejudice to the defendant because of untimely service; (3) whether the plaintiff has moved for an enlargement of time; and (4) whether the statute of limitations will bar the plaintiff's claims if the action is dismissed. *See id*. at 1097–98.

The Court concludes that no "good cause" has been shown for the failure to make timely service.  Plaintiff has not articulated <u>any</u> reasonable efforts.  Counsel for Plaintiff merely submits that the delay resulted from his effort to settle the case (which, apparently, consisted of requesting and receiving a settlement demand) and "apologizes for the delay in service." Plaintiff's Response at 2.  Such conduct does not constitute "excusable neglect."  Indeed, the focus of Plaintiff's argument is  that "even if the Court determines that this was not excusable neglect, it still has the discretion to extend service." *Id*.

2

The Court turns now to the factors which influence exercise of its discretion.  On one hand, Defendant has not articulated any prejudice because of the untimely service (except as discussed below).  On the other hand, Plaintiff has not acted diligently.  Plaintiff did request an enlargement of time, but not until the 120 day period provided in Rule 4(m) had long expired.  In addition, even after the summons were reissued, almost two more months passed before service was finally effectuated.

The statute of limitations issue is nuanced and has a substantive impact on the parties.  The Complaint asserts claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.  In *Nevada Dept. of Human Resources v. Hibbs*, 538 U.S. 721, 740 (2003), the United States Supreme Court explained that "the cause of action under the FMLA is a restricted one: The damages recoverable are strictly defined and measured by actual monetary losses, §§ 2617(a)(1)(A)(i)-(iii), and the accrual period for backpay is limited by the Act's 2–year statute of limitations (extended to three years only for willful violations), §§ 2617(c)(1) and (2)."  Thus, the FMLA has two distinct limitations periods, and to take advantage of the 3-year statute of limitations, a plaintiff must plead and prove a willful violation.  *Seifert v. Commonwealth of PA Human Relations Com'n,* 515 F.Supp.2d 601, 614-15 (W.D. Pa. 2007) (citation omitted) (due to two-tiered statute of limitations, "it is necessary to differentiate between nonwillful and willful conduct").  To establish willfulness, plaintiff must adduce evidence "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute ...." *Id*.

In the Complaint, Plaintiff alleges that she was granted intermittent FMLA leave on December 4, 2008.  She alleges that on August 24, 2009 she was demoted from "Director of Admissions in Medicaid Services" to "Unit Clerk."  On September 29, 2009, Plaintiff's

employment was terminated, for the stated reason that she had abandoned her job duties. Plaintiff alleges that this reason was pretextual and that she was fired in retaliation for taking FMLA leave.  The Complaint does not allege that any Defendant acted willfully.

The Complaint was filed on the last day of the two-year FMLA statute of limitations regarding the demotion, and more than one month prior to the expiration of the two-year FMLA statute of limitations regarding the termination.  If the Complaint is dismissed, Plaintiff will not be able to assert "non-willful" violations of the FMLA because the two-year limitations period on each incident has now run.  The three-year statute of limitations periods for "willful" violations of the FMLA have not yet run.

In *Mathies*, the Court noted that statutes of limitations serve compelling policy interests, in particular, to protect defendants from the unfair surprise of stale claims. 450 Fed. Appx. at 223 (citations omitted).  In resolving a motion to dismiss for untimely service, the Court of Appeals affirmed the District Court's determination that fairness to the defendant outweighed the plaintiff's interest in continuing the litigation.

The Court concludes that a similar outcome is warranted in this case.  Plaintiff failed to demonstrate any legitimate excuse for failing to timely serve the Complaint.  The limitations period for non-willful violations of the FMLA has expired.  Under the facts and circumstances of this case, the right of Defendants to be free from stale claims outweighs Plaintiff's interest in pursuing "non-willful" violations of the FMLA.  The impact of this result is substantially mitigated in this case.  Plaintiff remains able to file (and timely serve) a new Complaint to pursue willful violation(s) of the FMLA against one or more Defendant(s).  If Plaintiff chooses to do so, she should be sure to plead sufficient facts to establish plausible claim(s) in accordance with *Twombly* and *Iqbal*.

4

In accordance with the foregoing, DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 4(m) (Document No. 6) will be **GRANTED**.

An appropriate Order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANNAMARIE DELBANE,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v** | )   **2:11-cv-1093** |
| | ) |
| **ROCHESTER MANOR, KOPSACK** | ) |
| **ASSOCIATES, INC., JOANNE OMER** and **SUE** | ) |
| **MARSHONDA** | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

**ORDER OF COURT**

AND NOW, this 7th day of May, 2012, in accordance with the foregoing Memorandum

Opinion, it is hereby ORDERED, ADJUDGED and DECREED that DEFENDANTS' MOTION

TO DISMISS PURSUANT TO RULE 4(m) (Document No. 6) is **GRANTED** and the

Complaint is **DISMISSED** for failure to effectuate timely service.  The clerk shall docket this

case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:     **Timothy M. Kolman, Esquire**
        Email: timothykolman@earthlink.net
        James B. Brown, Esquire
        Email: jbrown@cohenlaw.com